SUMMONS ISSUED

FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ FEB 02 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MARIAM FARNUM,

           Plaintiff,

           -against-

THE CITY OF NEW YORK, P.O. BARRINGTON CLEMINGS, Shield No. 22501, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

           Defendants.

---------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

WEINSTEIN, J.

LEVY, M.J.

Plaintiff MARIAM FARNUM, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MARIAM FARNUM is an African-American female and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. BARRINGTON CLEMINGS and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about November 10, 2009, at approximately 5:00 p.m., plaintiff MARIAM FARNUM was lawfully travelling inside of her vehicle in the vicinity of Bedford Atlantic Avenue in Kings County in the City and State of New York.

14. At the aforesaid time and place, plaintiff was driving her two (2) young daughters home from daycare when defendant police officer pulled her over without probable cause.

15. The defendant police officer then asked plaintiff for her license and registration; when plaintiff asked if she could look in the back of her car for it, the defendant officer put his hand on his gun and refused.

16. Plaintiff, scared and confused, asked if there was another officer she could talk to and then preceded to call 911 for assistance.

17. Plaintiff was then pulled out of her car whereupon her five (5) year old daughter ran out of the car and into oncoming traffic.

18. Immediately thereafter, plaintiff was handcuffed, searched and detained for several hours at the police precinct where she knew that she was not free to leave until the officers released her.

19. Thereafter, plaintiff was issued two (2) summonses for Disorderly Conduct without probable cause and issued a traffic ticket for using her cell phone while driving.

20. At no time on November 10, 2009, was plaintiff MARIAM FARNUM behaving disorderly, using her cell phone, or act unlawfully in any way.

21. Plaintiff MARIAM FARNUM was verbally and mentally abused by the officers although she had committed no crime or violation of law.

22. Upon her release from police custody, plaintiff MARIAM FARNUM sought medical treatment at Kings County Hospital due to the tightness of the handcuffs on her wrists.

23. At no time on November 10, 2009 did defendants possess information that would lead a reasonable officer to believe plaintiff MARIAM FARNUM had committed any crime or violation of law.

24. In connection with plaintiff MARIAM FARNUM'S arrest, defendants filled out false and misleading reports and forwarded said reports to prosecutors in the Kings County District Attorney's Office.

25. Specifically, defendants falsely alleged that plaintiff refused to be handcuffed.

26. Thereafter, defendants repeatedly gave false and misleading testimony about the facts and circumstances of plaintiff's arrest.

27. On February 19, 2010, the summonses issued to plaintiff were dismissed.

28. Thereafter, at some point in 2010, the traffic ticket was dismissed when plaintiff produced telephone records that proved she was not using her cell phone, as the defendant officer alleged.

29. As a result of the foregoing, plaintiff missed approximately four (4) days of work.

30. As a result of the foregoing, plaintiff MARIAM FARNUM sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff MARIAM FARNUM of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and violated 42 U.S.C. § 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence before the District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against MARIAM FARNUM.

45. Defendants lacked probable cause to initiate criminal proceedings against MARIAM FARNUM.

46. Defendants acted with malice in initiating criminal proceedings against MARIAM FARNUM.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against MARIAM FARNUM.

48. Defendants lacked probable cause to continue criminal proceedings against MARIAM FARNUM.

49. Defendants acted with malice in continuing criminal proceedings against MARIAM FARNUM.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51. Specifically, defendants falsely alleged that plaintiff refused to be handcuffed.

52. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in MARIAM FARNUM's favor on or about February 19, 2010 when all summonses against her were dismissed.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of plaintiff MARIAM FARNUM.

56. As a result of the aforementioned conduct of defendants, plaintiff MARIAM FARNUM was subjected to excessive force and sustained physical and emotional injuries including swollen wrists.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" as if the same were more fully set forth at length herein.

58. Defendants created false evidence against plaintiff MARIAM FARNUM.

59. Specifically, defendants falsely alleged that plaintiff refused to be handcuffed.

60. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

61. Defendants misled the prosecutors by creating false evidence against plaintiff MARIAM FARNUM and thereafter providing false testimony throughout the criminal proceedings.

62. In creating false evidence against plaintiff MARIAM FARNUM, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

63. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety and was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

   iii. utilizing excessive force in executing arrests; and

   iv. falsifying evidence to cover up police misconduct.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

71. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff MARIAM FARNUM's constitutional rights.

72. The acts complained of deprived plaintiff of her rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon her;

    D. Not to have summary punishment imposed upon her; and

    E. To receive equal protection under the law.

## PENDANT STATE CLAIMS

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. On or about December 18, 2009 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

75. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and the hearing took place on March 9, 2010.

77. This action was commenced on May 27, 2010, within one (1) year and ninety (90) days after the cause of action herein accrued.

78. This action was originally filed as a class action wherein plaintiff was named as a proposed class representative based on the incident giving rise to this lawsuit.

79. On January 17, 2012, Judge Robert Sweet allowed plaintiff MARIAM FARNUM to opt out of the class action and pursue her claim individually against the City of New York and the defendants named herein.

80. Plaintiff has complied with all conditions precedent to maintaining the instant action.

81. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

84. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendant police officers touched plaintiff MARIAM FARNUM in a harmful and offensive manner.

87. Defendant police officers did so without privilege or consent from plaintiff.

88. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendant police officers arrested plaintiff MARIAM FARNUM in the absence of probable cause and without a warrant.

91. As a result of the aforesaid conduct by defendants, plaintiff MARIAM FARNUM was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. As a result of the foregoing, plaintiff MARIAM FARNUM was falsely imprisoned, her liberty was restricted for an extended period of time, was put in fear for her safety, were humiliated and subjected to handcuffing, and other physical restraints.

94. Plaintiff was conscious of said confinement and did not consent to same.

95. The confinement of plaintiff was without probable cause and was not otherwise privileged.

96. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

99. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

100. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

101. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

102. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

103. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. On November 10, 2009, defendants commenced a criminal proceeding against plaintiff MARIAM FARNUM.

105.   Defendants lacked probable cause to commence said criminal proceeding against plaintiff MARIAM FARNUM.

106.   Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff MARIAM FARNUM.

107.   From November 10, 2009 through February 19, 2010, plaintiff was forced to repeatedly make appearances in Criminal Court to defend herself against the unlawful prosecution initiated by defendants.

108.   As a result of the malicious prosecution against her, plaintiff MARIAM FARNUM spent several hours in police custody.

109.   On February 19, 2010, the criminal prosecution against plaintiff MARIAM FARNUM was terminated in her favor when the summonses against her were dismissed.

110.   As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

111.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.   Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

113.   Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

114.  Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

115.  As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       January 31, 2012

BY: _____
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com