UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARIAM FARNUM,

                         Plaintiff,

                  -against-

THE CITY OF NEW YORK, P.O. BARRINGTON CLEMINGS, Shield No. 22501, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                         Defendants.

------------------------------------------------------------------X

**AMENDED COMPLAINT**

**12 CV 492 (JBW)(RML)**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff MARIAM FARNUM, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MARIAM FARNUM is an African-American female and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. BARRINGTON CLEMINGS and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about November 10, 2009, at approximately 5:00 p.m., plaintiff MARIAM FARNUM was lawfully travelling inside of her vehicle in the vicinity of Bedford Atlantic Avenue in Kings County in the City and State of New York.

14. At the aforesaid time and place, plaintiff was driving her two (2) young daughters home from daycare when defendant police officer pulled her over without probable cause.

15. The defendant police officer then asked plaintiff for her license and registration; when plaintiff asked if she could look in the back of her car for it, the defendant officer put his hand on his gun and refused.

16. Plaintiff, scared and confused, asked if there was another officer she could talk to and then preceded to call 911 for assistance.

17. Plaintiff was then pulled out of her car whereupon her five (5) year old daughter ran out of the car and into oncoming traffic.

18. Immediately thereafter, plaintiff was handcuffed, searched and detained for several hours at the police precinct where she knew that she was not free to leave until the officers released her.

19. Thereafter, plaintiff was issued two (2) summonses for Disorderly Conduct without probable cause and issued a traffic ticket for using her cell phone while driving.

20. At no time on November 10, 2009, was plaintiff MARIAM FARNUM behaving disorderly, using her cell phone, or acting unlawfully in any way.

21. Plaintiff MARIAM FARNUM was verbally and mentally abused by the officers although she had committed no crime or violation of law.

22. Upon her release from police custody, plaintiff MARIAM FARNUM sought medical treatment at Kings County Hospital due to the tightness of the handcuffs on her wrists.

23. At no time on November 10, 2009 did defendants possess information that would lead a reasonable officer to believe plaintiff MARIAM FARNUM had committed any crime or violation of law.

24. In connection with plaintiff MARIAM FARNUM'S arrest, defendants filled out false and misleading reports and forwarded said reports to prosecutors in the Kings County District Attorney's Office.

25. Specifically, defendants falsely alleged that plaintiff refused to be handcuffed.

26. Thereafter, defendants repeatedly gave false and misleading testimony about the facts and circumstances of plaintiff's arrest.

27. On February 19, 2010, the summonses issued to plaintiff were adjourned in contemplation of dismissal.

28. Thereafter, at some point in 2010, the traffic ticket was dismissed when plaintiff produced telephone records that proved she was not using her cell phone, as the defendant officer alleged.

29. As a result of the foregoing, plaintiff missed approximately four (4) days of work.

30. As a result of the foregoing, plaintiff MARIAM FARNUM sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff MARIAM FARNUM of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and violated 42 U.S.C. § 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of plaintiff MARIAM FARNUM.

42. As a result of the aforementioned conduct of defendants, plaintiff MARIAM FARNUM was subjected to excessive force and sustained physical and emotional injuries including swollen wrists.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" as if the same were more fully set forth at length herein.

44. Defendants created false evidence against plaintiff MARIAM FARNUM.

45. Specifically, defendants falsely alleged that plaintiff refused to be handcuffed.

46. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

47. Defendants misled the prosecutors by creating false evidence against plaintiff MARIAM FARNUM and thereafter providing false testimony throughout the criminal proceedings.

48. In creating false evidence against plaintiff MARIAM FARNUM, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

49. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety and was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

  i. maintaining and enforcing a quota policy requiring individual officers to issue a certain number of summonses, conduct a certain number of arrests, and effectuate a certain number of "stop and frisks" every month;

    ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

    iv. utilizing excessive force in executing arrests; and

    v. falsifying evidence to cover up police misconduct.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

57. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff MARIAM FARNUM's constitutional rights.

58. The acts complained of deprived plaintiff of her rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon her;

      D.      Not to have summary punishment imposed upon her; and

      E.      To receive equal protection under the law.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

  ii. an order awarding punitive damages in an amount to be determined at trial;

 iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York  
       June 19, 2012

                                                  BY:_____/S_____  
                                                  JOSHUA FITCH  
                                                  COHEN & FITCH LLP  
                                                  Attorneys for Plaintiff  
                                                  233 Broadway, Suite 1800  
                                                  New York, N.Y. 10279  
                                                  (212) 374-9115  
                                                  jfitch@cohenfitch.com